**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KAMIL PASTUSZKA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | No.　　08 CV 3345 |
| | ) | |
| KENNETH P. MCNALLY, MIKE REPPE, | ) | Judge Castillo |
| and BAR CHICAGO, an Illinois | ) | |
| Corporation, | ) | Magistrate Judge Ashman Eda |
| | ) | |
| Defendants. | ) | |

## ANSWER TO COMPLAINT AT LAW

Now comes the Defendant, Mike Reppe ("Reppe"), by and through his attorneys, FORAN GLENNON PALANDECH & PONZI PC, for his Answer to Plaintiff's Complaint at Law, states as follows:

### JURISDICTION

1.　　Jurisdiction of this Court is invoked under the Fourth Amendment to the United States Constitution, Section 1 of the Fourteenth Amendment to the United States Constitution, Title 28, United States Code Sections 1331,1343, and 1367; Title 42 United States Code Section 1983; and the principles of pendant and ancillary jurisdiction.

**ANSWER**:　　The allegations contained in Paragraph 1 of Plaintiff's Complaint at Law state a legal conclusion, and thus require no answer.

### VENUE

2.　　Venue is in this district because the cause of action arose in this district and because Defendants were employed in this district when the cause of action arose.

**ANSWER**:     The allegations contained in Paragraph 2 of Plaintiff's Complaint at Law state a legal conclusion, and thus require no answer.

## PARTIES

3.     The Plaintiff, KAMIL PASTUSZKA, is a citizen of Poland and a permanent resident of Canada.

**ANSWER**:     Reppe has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of Plaintiff's Complaint at Law, and thus denies those allegations.

4.     Defendant KENNETH P. MCNALLY was, at all times relevant to this action, a police officer for the Chicago Police Department in Illinois and acting under color of state law.

**ANSWER**:     Upon information and belief, Reppe admits that KENNETH P. MCNALLY was a police officer for the Chicago Police Department.  Answering further, Reppe has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint at Law, and thus denies those allegations.

5.     Defendant MIKE REPPE was, at all times relevant to this action, an employee of Bar Chicago, located at 9 West Division Street in Chicago, Cook County, Illinois.

**ANSWER**:     Reppe admits the allegations contained in Paragraph 5 of Plaintiff's Complaint at Law.

6.     Defendant BAR CHICAGO is an Illinois Corporation licensed to do business in the City of Chicago and located at 9 West Division Street in Chicago, Cook County, Illinois.

**ANSWER**:     Reppe has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of Plaintiff's Complaint at Law, and thus denies those allegations.

## FACTS

7.      On June 11, 2006, at approximately 12:30 a.m., Defendant MIKE REPPE was employed and working as a bouncer at 9 West Division Street in Chicago for his employer Defendant BAR CHICAGO.

**ANSWER**:    Reppe admits that he was employed by BAR Chicago on June 11, 2006, but denies that he was employed as a "bouncer".   Answering further, Reppe states that he was employed as the General Manager for BAR Chicago on June 11, 2006.

8.      At the aforementioned date and time, Plaintiff was a patron of Defendant BAR CHICAGO.

**ANSWER**:    Reppe has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of Plaintiff's Complaint at Law, and thus denies those allegations.

9.      At the aforementioned date and time, Defendant MIKE REPPE forcefully removed Plaintiff from the premises and caused bodily harm to Plaintiff.

**ANSWER**:    Reppe denies the allegations contained in Paragraph 9 of Plaintiff's Complaint at Law.

10.      Defendant MIKE REPPE then contacted the Chicago Police Department.

**ANSWER**:    Reppe denies the allegations contained in Paragraph 10 of Plaintiff's Complaint at Law.

11.      On June 11, 2006, at approximately 12:30 a.m., Defendant KENNETH P. MCNALLY was on duty as a Chicago Police Officer in the vicinity of 9 West Division Street.

**ANSWER**:    Reppe has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of Plaintiff's Complaint at Law, and thus denies those allegations.

12.    At the aforementioned date and time, Defendant KENNETH P. MCNALLY appeared on the street in front of 9 West Division Street in Chicago and struck Plaintiff and caused bodily harm to Plaintiff.

**ANSWER**:    Reppe has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of Plaintiff's Complaint at Law, and thus denies those allegations.

13.    Defendant KENNETH P. MCNALLY then arrested Plaintiff.

**ANSWER**:    Reppe has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of Plaintiff's Complaint at Law, and thus denies those allegations.

## COUNT I

### SECTION 1983 ACTION

14.    Plaintiff realleges and incorporates by reference paragraphs 1 through 13 of this Complaint at Law as if fully set forth herein.

**ANSWER**:    Reppe restates and incorporates its answers to Paragraphs 1 through 13, as if fully set forth herein.

15.    When arresting Plaintiff, Defendant KENNETH P. MCNALLY used excessive and unwarranted force against Plaintiff.

**ANSWER**:    Reppe has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of Plaintiff's Complaint at Law, and thus denies those allegations.

16.    By these actions, the Defendant has violated 42 U.S.C. § 1983.

**ANSWER**:    The allegations contained in Paragraph 16 of Plaintiff's Complaint at Law state a legal conclusion, and thus require no answer.

## COUNT II

BATTERY

17.    Plaintiff realleges and incorporates by reference paragraphs 1 through 13 of this Complaint at Law as if fully set forth herein.

**ANSWER**:    Reppe restates and incorporates its answers to Paragraphs 1 through 13, as if fully set forth herein.

18.    When Defendant MIKE REPPE forcefully removed Plaintiff from the premises such removal was without legal justification and caused bodily harm to Plaintiff.

**ANSWER**:    Reppe denies that he forcefully removed Plaintiff from the premises and accordingly denies the entirety of paragraph 18 of Plaintiff's Complaint at Law

## COUNT III

*RESPONDEAT SUPERIOR*

19.    Plaintiff realleges and incorporates by reference paragraphs 1 through 13 of this Complaint at Law as if fully set forth herein.

**ANSWER**:    Reppe restates and incorporates its answers to Paragraphs 1 through 13, as if fully set forth herein.

20.    At all times relevant to this complaint, Defendant MIKE REPPE was employed by Defendant BAR CHICAGO and was acting in the scope of his employment.

**ANSWER**:    Reppe admits that he was employed by BAR Chicago on June 11, 2006.  The remaining allegations of Paragraph 20 of the Plaintiff's Complaint at Law are legal conclusions and thus require no answer.

21.    At all times relevant to this complaint Defendant BAR CHICAGO authorized the actions of Defendant MIKE REPPE against Plaintiff.

**ANSWER**:    Reppe denies the allegations of Paragraph 21, as he took no actions against the Plaintiff.

**JURY DEMAND**

22.    Plaintiff demands a trial by jury.

**ANSWER**:    Reppe makes no Answer to the allegations of Paragraph 22 of Plaintiff's Complaint, as they are not factual, merely procedural.

**AFFIRMATIVE DEFENSES**

1.    If the Plaintiff was removed from the premises as alleged in his Complaint, the conduct of the employees of BAR Chicago was necessary to protect them and other persons on the premises against the unlawful, willful and violent force directed at them and others by the Plaintiff.

WHEREFORE, the Defendant, Mike Reppe, prays for the entry of an order of judgment in its favor, together with its costs and such other and further relief as the Court deems just and proper in the circumstances.

Respectfully submitted,

Mike Reppe

By:    /s/ Douglas J. Palandech
       One of Its Attorneys

Douglas J. Palandech
C. Zachary Ransel
Foran Glennon Palandech & Ponzi PC
150 South Wacker Drive, 11th Floor
Chicago, Illinois 60606
312.863.5000
Firm ID #38567
Attorneys for Defendant, Mike Reppe

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above document was filed electronically with the above-captioned court, with notice of case activity to be generated and sent electronically by the Clerk of said court (with a copy to be mailed to any individuals who do not receive electronic notice from the Clerk) this 2nd day of September, 2008 to:

John W. Moore
20 S. Clark St., Suite 2210
Chicago, Illinois 60603


/s/ Douglas J. Palandech
Douglas J. Palandech



Douglas J. Palandech
C. Zachary Ransel
Foran Glennon Palandech & Ponzi PC
150 South Wacker Drive, Suite 1100
Chicago, Illinois  60606
Atty. No. 2135388
Phone 312-863-5000
Fax 312-863-5099
Attorneys for Defendant, Mike Reppe